RECEIVED
IN MONROE, LA
NOV 14 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| NAVADA N. FOSTER | CIVIL ACTION NO. 07-1519 |
| VERSUS | JUDGE ROBERT G. JAMES |
| OUACHITA CORRECTIONAL CENTER, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Report and Recommendation [Doc. No. 4] and supplemental Report and Recommendation [Doc. No. 16] filed by Magistrate Judge Karen L. Hayes in which she recommends dismissing Plaintiff Navada N. Foster's ("Foster") civil rights complaint as frivolous. Foster claims that Defendants Ouachita Correctional Center ("OCC"), OCC Warden Don Wheelis, and Ouachita Parish Sheriff Richard Fewell are interfering with his religious practices by failing to provide him with a pork-free diet, not allowing him to participate in weekly worship services, failing to facilitate fasting during Ramadan, and refusing to facilitate Muslim worship services to the same degree as Christian services.

For the following reasons, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation [Doc. No. 4] and DECLINES TO ADOPT the supplemental Report and Recommendation [Doc. No. 16]. The Court ADOPTS the recommendation to dismiss all of Foster's claims against OCC and Foster's claims against Ouachita Parish Sheriff Richard Fewell and OCC Warden Don Wheelis for violating the Equal Protection Clause of the Fourteenth Amendment. The Court DECLINES TO ADOPT the recommendation to dismiss Foster's claims against Ouachita Parish Sheriff Richard Fewell and OCC Warden Don Wheelis for violating the Free

Exercise Clause of the First Amendment.

I. **PROCEDURAL HISTORY**

In her first Report and Recommendation, issued on October 30, 2007, Magistrate Judge Hayes recommended dismissing OCC because it is not a juridical person under Louisiana Law. Magistrate Judge Hayes also recommended dismissing Foster's claims that Defendants are interfering with his First Amendment right to free exercise of religion and Fourteenth Amendment right to equal protection under the law.

On January 30, 2007, the Court directed Foster to amend his complaint to provide additional facts about how Defendants' policies interfere with his religious practices and remanded this matter to Magistrate Judge Hayes for a supplemental Report and Recommendation. [Doc. No. 5]. The Court declined to rule on the Report and Recommendation until a supplemental Report and Recommendation was issued.

On September 9, 2008, Foster amended his Complaint and stated "OCC is in violation of my First Amendment [rights] [be]cause I have [the] right to practice and exercise my religion. And the fact still remains [that] they allow Christianity practice but not the practice of Islam. And on the month of Ramadan we were not privileged to fast at all[;] they denied our privilege to prepare or attend but forced us to attend Christian programs." [Doc. No. 15].

On September 22, 2008, Magistrate Judge Hayes issued a supplemental Report and Recommendation regarding Foster's First Amendment free exercise claim [Doc. No. 16].

On October 1, 2008, Foster objected to the Report and Recommendation and made further allegations against Defendants regarding the alleged interference with his religious practices.

## II. LAW AND ANALYSIS

### A. Claims Against OCC

The Court ADOPTS Magistrate Judge Hayes' recommendation to dismiss OCC as a defendant because it is not a juridical person under Louisiana Law, and Foster's claims against OCC are DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted.

### B. Equal Protection Claim

The Court ADOPTS Magistrate Judge Hayes' recommendation to dismiss Foster's equal protection claim because he has not alleged that Defendants have purposefully discriminated against Muslims. Foster's claims against Defendants on this basis are DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted.

### C. Interference with Religious Practices Claims

In her Reports and Recommendations, Magistrate Judge Hayes reasoned that Foster failed to state a claim under the First Amendment because he had not shown that he had been deprived of all means of religious expression or that Defendants' refusal to provide him with a pork-free diet was unreasonable.

Foster filed an "objection," which this Court construes to be an amended complaint, in which he states that:

> [t]he facility will not adhere to the constitutional rights to worship and for the utmost will block all avenues to p[er]form weekly worship service[,] namely *Jumma'* and the obligation of the holiday- [sic] Ramadan (fasting for 30 days).[1] In which the meal

---

[1] During the month of Ramadan, Muslims are forbidden from eating or drinking anything from true dawn until sunset. Ramadan is a theologically significant event for Muslims because they believe that the Qur'an was revealed to the prophet Muhammed during this month. In fact, the day

3

trays, lunch and dinner was not kept for the inmates that want to fast, the facility put them in unnecessary hardship. The request to set aside the trays and serve them after sundown was no more work or time for the kitchen staff to do, because they could have made them at the same time as the rest of the inmates during regular feeding time.

[Doc. 17].

The Court finds that Foster has stated a First Amendment free exercise claim. Under the First Amendment, the test is whether Defendants have placed a substantial burden on Foster's free exercise of religion and whether there is a reasonable relationship between the potentially infringing policy and a legitimate penological interest. *See Turner v. Safely*, 482 U.S. 78, 89 (1987). Although Foster was provided a copy of the Qur'an, he is not allowed to participate in weekly worship services, he is not permitted to fast during Ramadan, and he is not offered a pork-free diet. Accepting Foster's allegations as true, he has alleged that he does not have alternative means to exercise his faith under the First Amendment. *Cf. O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350–52 (1987) (upholding prison regulation that prevented inmates from attending weekly prayer service because they "retain[ed] the ability to participate in other Muslim religious ceremonies"; inmates were free to congregate informally for prayer or discussion except during working hours, could attend other Muslim religious ceremonies, were given a special diet, and were entitled to special arrangements during Ramadan); *see also Adkins v. Kaspar*, 393 F.3d 559 (5th Cir. 2004) (holding that inmates had alternative means to exercise their faith via access to religious materials, freedom from work on the Sabbath, access to video and audio tapes, and services when a qualified minister was able to attend). Dismissal at this stage is also inappropriate because the Court cannot determine whether the interference with his religious practices is reasonably related to a legitimate

---

that this is believed to have occurred is considered by Muslims to be the holiest day of the year.

4

penological interest and, therefore, cannot dismiss his complaint as frivolous. *Cf. Baranowski v. Hart*, 486 F.3d 112 (5th Cir. 2007) (upholding denial of a kosher diet to a Jewish inmate, even though it placed a substantial burden on his right to free exercise, based on evidence from the defendants that it was related to controlling costs and could not be achieved by any different or lesser means). The Court, therefore, DECLINES TO ADOPT the portion of the Report and Recommendation regarding Foster's First Amendment free exercise claim and DECLINES TO ADOPT the supplemental Report and Recommendation.

Finally, the Court notes that Magistrate Judge Hayes did not analyze Foster's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), despite the fact that Foster stated in his administrative grievances that Defendants were violating the "Religious Freedom Act." The Court will liberally construe Foster's complaints to state a claim under RLUIPA.

Under RLUIPA, the test is whether burdening the free exercise of religion of a confined person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest. Defendants have denied Foster's request that food be set aside for him so he can eat after sundown and before sunrise in observance of Ramadan. *See Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (holding that observance of Ramadan is a religious exercise under RLUIPA). Accepting Foster's allegations as true, dismissal at this stage is inappropriate because the Court cannot determine whether Defendants' policies are the least restrictive means of accommodating his right to free exercise under RLUIPA. The Court, therefore, finds that Foster has stated a claim against Defendants under RLUIPA.

## III. CONCLUSION

For the foregoing reasons, all of Plaintiff Navada N. Foster's claims against Defendant OCC are DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Foster's claims against Defendants Ouachita Parish Sheriff Richard Fewell and OCC Warden Don Wheelis for violating the Equal Protection Clause of the Fourteenth Amendment are DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Foster's remaining claims against Ouachita Parish Sheriff Richard Fewell and OCC Warden Don Wheelis for violating the Free Exercise Clause of the First Amendment and RLUIPA, will be addressed in a separately issued order.

MONROE, LOUISIANA, this 14 day of November, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE